UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAKE PERRITT, ET AL

VERSUS

WESTLAKE VINYLS COMPANY, LP,
ET AL

CIVIL ACTION

NO. 12-253-BAJ-DLD

**CONSOLIDATED WITH**[1]

FREDERICK HOLLINS, ET AL

VERSUS

WESTLAKE VINYLS COMPANY, LP,
ET AL

CIVIL ACTION

NO. 12-254-JJB-SCR

**RULING AND ORDER**

This matter is before the Court pursuant to two motions to remand. In this consolidated case, Plaintiffs, Blake Perritt, et al. ("Plaintiffs Perritt") have filed a Motion to Remand in the lead case, *Blake Perritt, et al. v. Westlake Vinyls Company, LP, et al.*, Civil Action No. 12-253 (12-253; doc. 4). Plaintiffs, Frederick Hollins et al. ("Plaintiffs Hollins"), have filed a Motion to Remand in the case *Frederick Hollins, et al., v. Westlake Vinyls Company, LP, et al.*,[2] Civil

---

[1] The Court consolidated Civil Actions 12-253 and 12-254 pursuant to Rule 42(a)(2) (12-254; doc. 5).
[2] While Plaintiffs Hollins list Dow Chemical Company as Defendant in this case, such is considered an error, as Dow Chemical Company is not a party to this suit.

Action No. 12-254 (12-253; doc. 8).[3]  Both motions will be handled jointly.[4] Defendants', Westlake Chemical Corporation and Westlake Vinyls Company, LP ("Defendants"), have filed virtually identical Oppositions to each Motion to Remand by Plaintiffs Perritt and Plaintiffs Hollins (12-253; doc. 6; doc.9). The Court has carefully considered this matter and there is no need for oral argument.  Thus, Defendants' Motion for Oral Argument (12-253; doc. 7) is denied for the factual and legal conclusions set forth in this ruling.

The Court finds that Plaintiffs' Motion to Remand should be denied for the reasons advanced in Defendants' supporting memoranda.  The Court concludes that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332 (a)(1). Having found that jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) is present, it is not necessary to extensively discuss jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d)(1)  However, the Court concludes that Defendants have not yet met the burden of proving by a preponderance of the evidence that the amount in controversy is over $5,000,000.00 pursuant to CAFA. *Grant v. Chevron Phillips Chemical Co.,* 309

---

[3] There is no longer a document number 8 in case number 12-254.  The document was originally filed in the second consolidated case but has since been moved to the lead case number 12-253.

[4] The Court handles the two motions jointly for obvious reasons.  Plaintiffs in the two lawsuits seek certification of the same class of persons, while asserting common questions of law and facts.  Moreover, the Petitions for Damages of Plaintiffs Perritt and Plaintiffs Hollins are virtually identical.  The only difference between the two petitions is that Plaintiffs Hollins' Petition contains a paragraph stating that damages in this matter are less than $75,000 and less than the jurisdictional amount set forth under CAFA.  Further, the Court has previously held that consolidating the actions serves the interests of justice, expedites the results of both matters, conserves judicial resources, and avoids inconsistent results.

F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995)). The Court makes these findings for the following reasons.

Foremost, Defendants have set forth operative facts and affidavit evidence in proving the existence of the jurisdictional minimum by a preponderance of the evidence under 28 U.S.C. § 1332 (a)(1). When a case is removed on the basis of traditional diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir.1999). In a class action claim, attorneys' fees may be imputed to a class representative and used in determining whether a claim exceeds the jurisdictional minimum. *Grant v. Chevron Phillips Chemical Co. L.P.,* 309 F.3d 864 (5th Cir.2002).

The defendant may make a showing that the jurisdictional amount is present either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the seventy-five thousand ($75,000) dollar jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411-12 (5th Cir.1995). As diversity among the parties is not contested, the threshold issue is whether Defendants have proven by a preponderance of the evidence that the amount in controversy is over $75,000.00.

Here, various facts in Plaintiffs' Petitions support a finding that the amount in controversy more likely than not exceeds $75,000. Mainly, the facts allege that beginning at approximately 8:03 a.m. on March 22, 2012, the Westlake Vinyls Facility experienced an unauthorized release of large amounts of certain chemicals into the atmosphere and a corresponding fire that lasted approximately 30 minutes. Among those chemicals released into the atmosphere were reportable quantities[5] of chlorine and vinyl chloride monomer ("VCM"), along with non-reportable quantities of several other chemicals used to manufacture VCM, including hydrochloric acid. Both parties assert, and the Court agrees, that each of these chemicals is toxic, noxious, harmful, and when inhaled in extremely high concentrations, may cause unconsciousness or death (12-253; doc. 6, at 3; doc. 1-1 ¶ 6).[6]

Further, both parties agree that the chemical release extended to at least a one mile radius from the release site[7] and an ethylene pipeline simultaneously produced a mixture of ash and soot[8] that carried over to nearby areas by the wind (12-253; doc. 6, at 3; doc. 1-1 ¶¶ 3-4). Both parties agree that Plaintiffs seek damages for themselves and all others situated (12-253; doc. 6, at 4; doc.

---

[5] Section 103 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) requires the "person in charge" of a facility or vessel, as soon as he or she has knowledge of a release of a hazardous substance in an amount equal to or greater than a "Reportable Quantity" (RQ), to report the release immediately to the National Response Center (NRC).
[6] Vinyl chloride monomer is also a known human carcinogen.
[7] Approximately one hour after the release, the following regulatory agencies arrived to the area, resulting in the closing of several major roads due to the release: the United States Coast Guard, the Occupational Safety and Health Administration, the Louisiana Department of Environmental Quality, the Louisiana State Police, and the Ascension Parish Sheriff's Office (12-253; doc. 6, at 4; doc. 1-1 ¶ 3).
[8] Soot is a black powdery or flaky substance consisting largely of amorphous carbon, produced by the incomplete burning of organic matter.

1-1 ¶¶ 3-13). According to Defendants, the eight petitioners in case number 12-253, the three petitioners in case number 12-254, and others similarly situated, could include the approximately 2,600 employees in the nearby commercial and/or industrial facilities. In addition, Defendants further aver that a "shelter-in-place"[9] order issued to nearby residents by the Ascension Parish Office of Homeland Security included 1,821 telephone numbers. Both parties assert, and the Court agrees, that the chemical release posed a hazard to a significant number of employees and residents in the vicinity.

Finally, Plaintiffs have alleged injuries which, under substantial case law, indicate an average award which would satisfy the jurisdictional amount by a conservative estimate. Plaintiffs allege that they have suffered "personal injuries and symptoms due to the explosion and exposure to the released chemicals and have also suffered fear and fright and emotional and mental anguish (12-253; doc. 1-1 ¶ 13)." Defendants have presented significant case law to demonstrate that the average award for a single fear and fright claim is between $3,000 and $10,000.[10] When excluding attorney's fees and costs, all other potential members of the class, and all other claims except for fear and fright claims, an

---

[9] "Shelter-in-place" means to take immediate shelter—at home, work, school, or in between. It may also mean "seal the room;" or, in other words, to take steps to prevent outside air from coming in. Local authorities instruct residents to "shelter-in-place" if chemical or radiological contaminants are released into the environment.

[10] Defendants cite the following cases in support of their assertion: *Cooper v. Koch Pipeline, Inc.*, 1995 WL 931091 (E.D. La. 1995) ("It is generally accepted that these claims are basically 'fear and fright' cases which will result in compensatory awards of around 3,000 to 10,000 dollars.") (abrogated on a separate issue by *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002)); *Anderson v. Union Pacific R. Co.*, 2011 WL 4352254 (M.D. La. Sept. 16, 2011); *Batiste v. Koch Nitrogen Co.*, 1996 WL 39434 (E.D. La. Jan. 31, 1996); *Richards v. Board of Commissioners of the Port of New Orleans*, 10-1171 (La. App. 4 Cir. 2/2/11). 57 So.3d 1135, 1140 (fear and fright claim in connection with the allision of a vessel with the New Orleans Riverwalk Mall resulted in an award of $5,000).

average award of approximately $6,818.20 for each of the eleven named Plaintiffs would put the amount in controversy over the jurisdictional amount.[11] Accordingly, even a conservative estimate of potential damages for the named Plaintiffs exclusive of attorney's fees and all claims except fear and fright demonstrates an amount in controversy over $75,000.

Thus, when considering: (1) the dangerousness of the chemical release; (2) the range and vicinity of persons potentially affected by that dangerous release; and (3) the average award for the named Plaintiffs for fear and fright claims alone, the Court finds that the amount in controversy more likely than not exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over the claims and the Motions to Remand must be denied.[12] [13]

---

[11] $6,818.20 x eleven (11) Plaintiffs equals approximately $75,000.20.

[12] The Court is not persuaded by Plaintiffs Hollins' reliance on *Shantel Cannon and Sheldon Cannon v. The Dow Chemical Company*, Civil Action No. 08-1397 Section C(4) and finds that the case only further substantiates the Court's conclusion. In that case, Judge Helen G. Berrigan distinguishes *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) stating that defendant's position that the jurisdictional minimum was satisfied was plausible in that case. Judge Berrigan stated that because defendant not only numerically identified the potential class but also specifically named the toxic gas released as mercury, and further listed the myriad of medical conditions and other damages that may result from mercury poisoning the defendant's position was well supported. Here, Defendants have also specifically named the chemicals involved and the potential harm they may pose to potential class members.

[13] The Court finds that Defendants have not yet met their burden under the Class Action Fairness Act of 2005 ("CAFA"). There are only 11 named plaintiffs in the petitions and there is no indication from the petitions, as of yet, that any individual or group of individuals suffered such severe damages that the amount in controversy, including these severely damaged individuals, along with lesser damaged members of the class, would more likely than not exceed five-million ($5,000,000) dollars.

## CONCLUSION

For the foregoing reasons, the Motions to Remand by Plaintiffs Perritt (12-253; doc. 4) and Plaintiffs Hollins (12-253; doc. 8) are hereby **DENIED**. Further, Defendants' Motion for Oral Argument (12-253; doc. 7) is hereby **DENIED** due to the factual and legal conclusions set forth in this ruling.

Baton Rouge, Louisiana, February 26, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA