# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:12-cv-00253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **LEAD CASE** |

**C/W 3:12-cv-00254-BAJ-RLB,**
**3:13-cv-00209-BAJ-RLB,**
**3:13-cv-00253-BAJ-RLB,**
**3:13-cv-00254-BAJ-RLB,**
**3:13-cv-00268-BAJ-RLB,**
**3:13-cv-00269-BAJ-RLB,**
**3:13-cv-00270-BAJ-RLB**

## ORDER

Before the Court are two Motions to Remand pursuant to 28 U.S.C. § 1447(c) filed in cases consolidated for pretrial management.[1]  The first was filed by Plaintiffs Blake Perritt, Barry Mitchell, and others in civil action **3:12-cv-00253 ("Perritt Action") (Doc. 4);** the second was filed by Plaintiffs Frederick Hollins, Laura Hollins, and Shanice Hills in civil action **3:12-cv-00254 ("Hollins Action")** (*located at* **3:12-cv-00253 Doc. 8).**[2]  In each case, the Defendants—Westlake

---

[1]  On May 16, 2012, this Court consolidated civil action 3:12-cv-00254 with the lead case in this matter, *Perritt, et al. v. Westlake Vinyls Company, et al.*, No. 3:12-cv-00253.  (*See* 3:12-cv-00253 Doc. 3).  Later, on April 5, 2013, this Court consolidated civil action 13-cv-00209 with the lead case.  (3:12-cv-00253 Doc. 18).  Finally, on May 28, 2013, this Court consolidated civil actions 3:13-cv-00253, 3:13-cv-00254, 3:13-cv-00268, 3:13-cv-00269, and 3:13-cv-00270 with the lead case.  (3:12-cv-00253 Doc. 20).  In its May 28 Order, the Court explained that these cases are "consolidated for pretrial management with CV 12-253," and that the Court "will determine at a later appropriate time whether any or all of these cases will be tried separately, as provided by Rule 42(b)."  (*Id.* at p. 2).

[2]  There is no longer a document number 8 in civil action 3:12-cv-00254.  The document was originally filed in the case-specific docket for civil action 3:12-cv-00254, but has since been moved to the docket in lead case, civil action 3:12-cv-00253.

23JDC

Vinyls Company, LP, and Westlake Chemical Corporation (collectively, "Westlake")—oppose the remand request. (*See* 3:12-cv-00253 Doc. 6 (Defendants' Opposition to Blake Perritt's Motion to Remand); Doc. 9 (Defendants' Opposition to Frederick Hollins's Motion to Remand)). Having carefully reviewed and *re*-considered the filings and exhibits in each matter, this Court determines that Plaintiffs' Motions for Remand (Docs. 4 and 8) should be GRANTED for the reasons explained in this Order.[3]

## I.    BACKGROUND

These consolidated cases stem from a March 22, 2012 explosion at Westlake's facility in Geismar, Louisiana. (*See* 3:12-cv-00253 Doc. 1-1 at ¶ 2 ("Perritt Petition"); 3:12-cv-00254 Doc. 1-1 at ¶ 2 ("Hollins Petition")). On March 23, 2012, Plaintiffs Frederick Hollins, Laura Hollins, and Shanice Hills filed a Petition for Damages against Defendants Westlake Vinyl Company and Westlake Chemical Corporation in the 23rd Judicial District Court, Ascension Parish, State of

---

[3]    Previously this Court denied Plaintiffs' Motions for Remand, determining that "even a conservative estimate of potential damages for the named Plaintiffs exclusive of attorney's fees and all claims except fear and fright demonstrates an amount in controversy over $75,000." (Doc. 14 at p. 6). In reaching this conclusion, however, this Court *incorrectly* aggregated the potential recoveries of each named Plaintiff in civil actions 3:12-cv-00253 and 3:12-cv-00254 to satisfy the minimum amount in controversy required under 28 U.S.C. § 1332, (*see* Doc. at pp. 5–6). *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together 'separate and distinct demands, united for convenience and economy in a single suit,' to meet the requisite jurisdictional level." (alterations omitted)). Upon realizing its mistake, and the resulting possibility that it lacked subject matter jurisdiction to entertain civil actions 3:12-cv-00253 and 3:12-cv-00254, this Court *sua sponte* vacated its prior Order denying remand, and reopened Plaintiffs' Motions for Remand, (Doc. 50 at pp. 2–3). *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) ("Federal courts may examine the basis of jurisdiction sua sponte . . . ."); *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999) ("[A] federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte . . . .").

Louisiana. The Hollins Petition alleged that the explosion and resulting chemical release were caused by Westlake's negligence, (*see* Hollins Petition at ¶¶ 6–12), and claimed damages for "personal injuries and symptoms due to the explosion and exposure to the released chemicals," including "fear, anguish, discomfort and inconvenience as well [as] pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages," (*id.* at ¶¶ 13–14). In accordance with Louisiana law, the Hollins Petition did not specify the dollar amount of the Plaintiffs' damages claim. *See* La. C.C.P. Art. 893(A)(1). However, the Hollins Petition stated: "The damages of plaintiff [sic] in this matter is less than $75,000.00. Moreover, the amount in controversy of the class sought herein is less than the requisite amount of the federal Class Action Fairness Act," (*id.* at ¶ 15; *see also id.* at ¶ 18 ("Petitioners specifically allege that the amount in controversy herein does not meet the threshold amounts for federal court jurisdiction under either diversity jurisdiction or under the Class Action Fairness Act.")).

Four days later, on March 27, 2012, Plaintiffs Blake Perritt, Barry Mitchell, and others filed their Petition against Westlake Vinyl and Westlake Chemical, also in the 23rd Judicial District Court, Ascension Parish. The Perritt Petition matched the Hollins Petition word-for-word with regard to Westlake's alleged negligence, (*see* Perritt Petition at ¶¶ 6–12), and also claimed damages for "personal injuries and symptoms due to the explosion and exposure to the released chemicals," including "fear, anguish, discomfort and inconvenience as well as pain and suffering,

3

emotional distress, and psychiatric and psychological damages, evacuation, and property damages," (*id.* at ¶¶ 13–14). Unlike the Hollins Petition, however, the Perritt Petition did not indicate one way or the other whether the Plaintiffs believed that their action met the requirements for federal subject matter jurisdiction. (*See generally id.*).

On April 27, 2012, Westlake removed each action to this Court under 28 U.S.C. § 1441, asserting that "this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332" because "there is complete diversity of citizenship between the plaintiffs and the properly joined defendants pursuant to 28 U.S.C. § 1332(c)(1), and . . . [each] case satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332(a)." (*See* 3:12-cv-00253 Doc. 1 at ¶ 3; 3:12-cv-00254 Doc. 1 at ¶¶ 3). In the alternative, Westlake asserted that this Court has subject matter jurisdiction over each action "pursuant to 28 U.S.C. § 1332(d) because (i) [each] is a class action involving citizens of different states pursuant to 28 U.S.C. § 1332(d)(2)(A), and (ii) [each] case satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332(d)(2)." (*See* 3:12-cv-00253 Doc. 1 at ¶ 4; 3:12-cv-00254 Doc. 1 at ¶ 4).

On May 16, 2012, this Court "determined that [civil actions 12-cv-00253 and 12-cv-00254] . . . present common questions of law and fact," and consolidated the cases for pre-trial management. (Doc. 3). Then, on May 25, 2012, the Plaintiffs in

4

each action filed the Motions to Remand that are the subject of this Order. (3:12-cv-00253 Docs. 4 and 8).

In their Motions, the Plaintiffs argue that remand to state court is required because Westlake failed to show that "the amount in controversy requirement is met either under the traditional diversity of citizenship provision or under [the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)]." (3:12-cv-00253 Doc. 4-1 at p. 2; *see also* Doc. 8-1 at pp. 4–5). Westlake filed memoranda in opposition to each remand request, along with certain exhibits, seeking to establish its position that each case "was properly removed based upon diversity jurisdiction under 28 U.S.C. § 1332(a) and, alternatively, . . . 28 U.S.C. §1332(d)." (3:12-cv-00253 Docs. 6 and 9). Oral argument is not necessary.[4]

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Further, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

---

[4] Westlake filed a motion requesting oral argument on Plaintiffs' Motions for Remand, suggesting that Plaintiffs' requests "raise complex issues of fact and/or law." (Doc. 7 at p. 2). However, Westlake's Motion fails to explain which "issues of fact and/or law" are so "complex" as to require oral argument. (*See generally* Doc. 7). Neither has this Court identified any such complexities in its own review of the matter. Accordingly, Westlake's **MOTION REQUESTING ORAL ARGUMENT (Doc. 7)** is **DENIED.**

5

In pertinent part, 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In its Notices of Removal, Westlake asserted two bases for federal subject matter jurisdiction: (1) traditional diversity jurisdiction under 28 U.S.C. § 1332(a); and (2) federal class action jurisdiction under 28 U.S.C. § 1332(d). (*See* 3:12-cv-00253 Doc. 1 at ¶¶ 3–4; 3:12-cv-00254 Doc. 1 at ¶¶ 3–4). The Plaintiffs agree that the diversity of citizenship requirement is satisfied in each case, under each jurisdictional provision. (*See* 3:12-cv-00253 Doc. 4-1 at p. 2 ("Diversity of citizenship is not contested."); *see also* Doc. 8-1 at p. 4). The Plaintiffs assert, however, that removal was improper, and that remand is required, because Westlake has failed to show that the amount in controversy requirement is met under *either* § 1332(a), *or*

6

§ 1332(d). (*See* 3:12-cv-00253 Doc. 4-1 at p. 2; *see also* Doc. 8-1 at pp. 4–5). Westlake counters that the amount in controversy requirement is satisfied under each jurisdictional provision, and in each case. (Docs. 6 and 9). Accordingly, the Court will assess first whether Westlake has proved subject matter jurisdiction under the traditional diversity jurisdiction provision, 28 U.S.C. § 1332(a); then, as necessary, whether jurisdiction exists under the federal class action provision, 28 U.S.C. § 1332(d).

### a. *Traditional Diversity Jurisdiction Analysis*

Where a case is removed on the basis of diversity jurisdiction, the defendant must show "(1) complete diversity of the parties and (2) an amount-in-controversy that exceeds $75,000." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

### i. Complete Diversity

Here, complete diversity is met in each action. In the Perritt Action, the Plaintiffs are citizens of Louisiana, Tennessee, and Mississippi. (3:12-cv-00253 Doc. 1 at ¶ 6; Doc. 1-1 at p. 1). Defendant Westlake Chemical is a Delaware corporation with its principal place of business in Texas. (Doc. 1 at ¶ 7). Defendant Westlake Vinyls is a limited partnership with one general partner, GVGP, Inc., and one limited partner, Geismar Holdings, Inc. (*Id.* at ¶ 8). GVGP and Geismar Holdings are each Delaware corporations with their principal places of business in Texas. Accordingly, the Perritt Action satisfies § 1332(a)'s complete diversity requirement.

7

*See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."); *Felton*, 324 F.3d at 773.

The analysis is even more straightforward in the Hollins Action. The Hollins Plaintiffs are all citizens of Louisiana. (3:12-cv-00254 Doc. 1 at ¶ 6; Doc. 1-1 at p. 1). Defendants Westlake Chemical and Westlake Vinyls are each, as explained above, citizens of Delaware and Texas for diversity jurisdiction purposes. (Doc. 1 at ¶¶ 7–8). Accordingly, the Hollins Action also satisfies § 1332(a)'s complete diversity requirement. *See* 28 U.S.C. § 1332(c)(1); *Harvey*, 42 F.3d at 1079; *Felton*, 324 F.3d 773.

## ii. Jurisdictional Amount

Presence of the jurisdictional amount in either action is less obvious. As stated, neither the Perritt Petition nor the Hollins Petition specified a monetary amount of damages. "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an

Case 3:12-cv-00253-BAJ-RLB   Document 60   12/09/13   Page 8 of 24

accompanying affidavit to show that the amount-in-controversy is met." *Felton*, 324 F.3d at 773–74 (5th Cir. 2003). If the Defendant "establishe[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," the question becomes whether the Plaintiffs "have demonstrated it is legally certain they could not recover more than [the jurisdictional amount]." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387–88 (5th Cir. 2009).

### 1. Scope of Review

As an initial matter, this Court must decide whether it may properly consider the exhibits submitted by Westlake with its opposition memoranda. The question arises because Westlake did not file accompanying affidavits with its Notices of Removal, nor did Westlake's Notices set forth any additional facts in controversy that would support a conclusion that the jurisdictional minimum is satisfied. (*See generally* 3:12-cv-00253 Doc. 1; 3:12-cv-00254 Doc. 1). Instead, Westlake's Notices merely restated the Plaintiffs' allegations from the original Perritt and Hollins state court petitions, and then "alleged in a conclusional manner that the amount in controversy exceeded the jurisdictional amount," *Simon*, 193 F.3d at 850. (*See* 3:12-cv-00253 Doc. 1 at ¶¶ 9–13; 3:12-cv-00254 Doc. 1 at ¶¶ 9–13).[5]

---

[5] The Court pauses briefly to note two additional representations Westlake made in its Notices of Removal in support of its claim that the jurisdictional minimum is established. First, Westlake stated that "courts in prior cases have entered judgments in amounts in excess of the jurisdictional amount of Seventy-Five Thousand ($75,000) Dollars." (3:12-cv-00253 Doc. 1 at ¶ 9; 3:12-cv-00254 Doc. 1 at ¶ 9). Presumably, Westlake meant to draw this Court's attention to "prior cases" involving *similar* facts *and* claims to those at issue here. In any event, Westlake's Notices of Removal did not provide *any* such cases for the Court's review. (*See generally* 3:12-cv-00253 Doc. 1; 3:12-cv-00254 Doc. 1). Accordingly, this statement, standing alone, is not sufficient to set forth an additional fact in

9

Westlake did, however, provide additional exhibits, including affidavits, with its memoranda opposing Plaintiffs Motions to Remand. (*See* 3:12-cv-00253 Doc. 6-1 at pp. 1–4 (Affidavit of John Casey); Doc. 9-1 at pp. 1–4 (Affidavit of John Casey). Further, Westlake's opposition memoranda establish facts in controversy not included in the Perritt or Hollins Petitions. (*E.g.*, Doc. 6 at p. 21 ("[T]he owners of approximately 560 vehicles made requests directly to Westlake Vinyls to have their vehicles cleaned of deposits of ash and soot following the March 22 incident."); Doc. 9 at pp. 19–20 (same)).

For two reasons, this Court is compelled to conclude that it may *not* consider Westlake's *new* exhibits or factual representations included with its opposition to Plaintiffs Motions to Remand. First, the law is quite clear that whether removal jurisdiction is present depends on the claims as they are stated "at the *time of removal*." *Cavallini*, 44 F.3d at 264 (emphasis added); *Manguno*, 276 F.3d at 723

---

controversy that would support a finding of the requisite amount. *See Felton*, 324 F.3d at 774 ("[R]emoval cannot be based simply upon conclusory allegations." (quotation marks omitted)).

This Court is similarly unconvinced that Westlake's representation regarding "attorneys' fees potentially awarded under La. C.C.P. art. 595" constitutes an additional *fact* in controversy. (3:12-cv-00253 Doc. 1 at ¶ 14; 3:12-cv-00254 Doc. 1 at ¶ 14). Certainly, "calculation of the anticipated recovery of the class representatives—the only one that matters for purposes of [diversity jurisdiction]—must include . . . potential attorney's fees in addition to damages." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). But Westlake's statement that "the amount in controversy exists because reasonable expenses including attorneys' fees potentially awarded under La. C.C.P. art. 595 are attributable to the class representative for purposes of establishing the requisite jurisdictional amount" is little more than a restatement of hornbook Fifth Circuit law; it offers no *factual* support for the proposition that either the Perritt Plaintiffs or the Hollins Plaintiffs have *even* alleged a class action, much less additional facts which would help this Court ascertain the scope of the purported class, or potential fees that would result from the action. *See Felton*, 324 F.3d at 774.

Accordingly, this Court will not consider either of these "conclusory allegations" when assessing whether federal subject matter jurisdiction existed at the time of removal. *Id.*

10

(same).  The Court finds no ambiguity in this rule, and even if it was ambiguous, "[a]ny ambiguit[y] [is] construed *against* removal."  *Manguno*, 276 F.3d at 723 (emphasis added).  Westlake submitted its affidavits and additional facts in controversy more than a month-and-a-half *after* it filed its Notices of Removal, as part of its opposition to Plaintiffs' Motions to Remand.  Quite simply, this Court would have to disregard the literal meaning of "at the time of removal" to conclude that Westlake's *new* exhibits and facts in controversy are properly taken into account when determining whether the jurisdictional minimum is satisfied.

Second, the Fifth Circuit has instructed that when establishing the jurisdictional minimum, "the removing defendant may support federal jurisdiction . . . by establishing the facts in controversy *in* the removal petition or *an accompanying* affidavit to show that the amount-in-controversy is met."  *Felton*, 324 F.3d at 773–74 (emphasis added).  There is little in this rule to suggest that a removing defendant may submit for the Court's consideration affidavits or additional facts in controversy at some date *after* filing its notice of removal.  And, again, even if the rule contained some ambiguity, any ambiguity would be construed against removal.  *Manguno*, 276 F.3d at 723.

In sum, having failed to file affidavits with its Notices of Removal, and having failed to set forth "any facts in controversy in th[ose] Notice[s]" that were not already stated in the Plaintiffs' state court petitions, "removal was proper only if the

11

jurisdictional amount was 'facially apparent' from the complaint." *Simon*, 193 F.3d at 850 (emphasis added).

### 2. Whether it is "facially apparent" from the Plaintiffs' petitions that their claims are likely to exceed $75,000

In their respective Motions to Remand, the Plaintiffs contest Westlake's assertion that "it is facially apparent that plaintiffs' claims will likely exceed $75,000, exclusive of interest and costs." (3:12-cv-00253 Doc. 1 at ¶ 13; 3:12-cv-00254 Doc. 1 at ¶ 13). Specifically, the Perritt Plaintiffs state that their allegations of "personal injuries, fear, fright, emotional, and mental anguish from exposure to the chemical release . . . . do not support that any individual plaintiff's claim meets or exceeds the jurisdictional threshold." (Doc. 4-1 at p. 5). The Hollins Plaintiffs go one step further, noting that in the Hollins Action, the "Plaintiffs . . . alleged that each of their cases are [sic] worth *less than* $75,000.00." (Doc. 8-1 at p. 4 (emphasis added)).

In its memoranda opposing remand, Westlake holds its ground, reiterating that "it is 'facially apparent' from the Plaintiffs' Petition[s] that the amount in controversy exceeds $75,000." (3:12-cv-00253 Doc. 6 at p. 2; Doc. 9 at p. 2). Specifically, Westlake points out that in their respective petitions, Plaintiffs alleged that "toxic, noxious, and harmful chemicals were released in the March 22, 2012 incident," including vinyl chloride monomer, hydrochloric acid, hydrochloric acid solution and chlorine. (Doc. 6 at p. 11; Doc. 9 at p. 11; *see* Perritt Petition at ¶¶ 4, 6; Hollins Petition at ¶¶ 4, 6). Further, in each petition, Plaintiffs alleged that "[a]s a

12

result of the exposure to the[se] substance[s] . . . petitioners . . . suffered injuries, symptoms, and damages," including: (1) "personal injuries and symptoms due to the explosion and exposure to the released chemicals"; and (2) "fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages." (Perritt Petition at ¶¶ 13–14; Hollins Petition at ¶¶ 13–14). Finally, Westlake asserts that because each Complaint states that "this matter is appropriate for class treatment," (Perritt Petition at ¶¶ 16; Hollins Petition at ¶¶ 16), "the amount in controversy exceeds the requisite jurisdictional amount because attorney's fees awarded under La. Code Civ. Pro. art. 595 are attributable to the class representatives." (Doc. 6 at p. 2; Doc. 9 at p. 11).

Although it is a close call, this Court agrees with the Plaintiffs that it is *not* facially apparent from their respective claims that the amount in controversy exceeds $75,000.00. In reaching this conclusion, the Court heeds the Fifth Circuit admonishment that "removal cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted). Certainly the chemicals released into the environment as a result of the explosion at Westlake's facility created the *potential* for claims in excess of $75,000.00. Likewise, because each complaint purports to allege a class action under Louisiana law, there is a *potential* for attorney's fees under La. C.C.P. art. 595, and that amount must be attributed to the class representative in assessing whether the jurisdictional minimum for

13

diversity jurisdiction is satisfied. *Grant*, 309 F.3d 864, 873 (5th Cir. 2002); *Manguno*, 276 F.3d at 723. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the Defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).

The injuries alleged here are vaguely stated, amounting to "personal injuries and symptoms . . . . fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages." (Perritt Petition at ¶¶ 13–14; Hollins Petition at ¶¶ 13–14). These are customary categories of damages set forth in personal injury actions, which provide the court with little guidance as to the *actual* damages incurred by the Plaintiffs. *See Allen*, 63 F.3d at 1330 ("The general rule is that each

14

plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332.").[6]

Nor is this Court any more confident that the jurisdictional minimum is satisfied when the possibility of attorney's fees is added to the equation. Westlake's opposition memoranda candidly admit the difficulty of estimating a fee award here. Westlake concedes, and this Court agrees:

> [b]ecause Plaintiffs have only stated their claims vaguely . . . it is difficult to make an accurate calculation of the amount of attorney's fees that could be awarded to them. Without knowing the number of hours that class counsel will reasonably expend on this case, the Court cannot meaningfully employ the lodestar method to compute the potential attorney's fee award.

(Doc. 6 at p. 17; Doc. 9 at pp. 15–16). Nor can the Court approximate the amount of attorney's fees by estimating the potential fees "based on the number and value of claims submitted to [Westlake] during the relevant period," *see Manguno*, 276 F.3d at 724, precisely because Plaintiffs' damages claims amount to no more than "conclusory allegations," *Felton*, 324 F.3d at 774 (quotation marks omitted).[7] Thus, at bottom, it is impossible for this Court to conclude that it is "facially apparent"

---

[6] In the Hollins Action, this Court's conclusion is reinforced by the Petition's statement that "damages of plaintiff [sic] in this matter is [sic] less than $75,000.00." (Hollins Petition at ¶ 15; *see also id.* at ¶ 18).

[7] As discussed, Westlake provided no evidence with its Notices of Removal, either by way of affidavits or other exhibits, to show "that the aggregate attorney's fees for the putative class would likely exceed $75,000." *Manguno*, 276 F.3d at 724. But even Westlake's affidavits submitted along with its opposition memoranda fail to provide meaningful guidance for determining a potential fee award, adding only that "Westlake received numerous complaints from automobile owners working at nearby facilities that their vehicles had accumulated deposits of ash and soot," and that as a result of these complaints, Westlake "has paid to clean approximately 560 vehicles." (Doc. 6-1 at pp. 3–4; Doc. 9-1 at pp. 3–4).

15

from the Plaintiffs' claims that the amount in controversy in either action is satisfied.

In concluding that neither the Plaintiffs' petitions nor Westlake's Notices of Removal establish by a preponderance of the evidence that the amount in question exceeds $75,000.00, this Court is guided by two other cases taken up by the U.S. Fifth Circuit of Appeals where that court had to determine whether the jurisdictional minimum was satisfied based on the face of the state court petition: the first is *Luckett v. Delta Airlines, Inc.*, where the court determined it was "facially apparent" that the amount-in-controversy requirement was satisfied; the second is *Simon v. Wal-Mart Stores*, where the Fifth Circuit determined that it was not.

In *Luckett*, the plaintiff sued Delta Airlines in Louisiana state court after the company lost her luggage containing her heart medication on a cross-country trip from Monroe, Louisiana to Chino, California. 171 F.3d 295, 297 (5th Cir. 1999). The plaintiff claimed that by failing to locate her luggage within a reasonable time, Delta caused her to become ill, and to be transported to Chino Valley Hospital, where she was diagnosed as suffering from congestive heart failure, pulmonary edema, and respiratory distress. *Id.* The plaintiff was admitted to the hospital, where she stayed for six days, and was unconscious for a portion of the time. *Id.* In accordance with Louisiana law, the state-court petition did not specify the dollar amount of her damages claim. *Id.* at 298.

16

Delta removed the action to the U.S. District Court for the Western District of Louisiana, and then moved for summary judgment on the basis that the plaintiff's action had prescribed. *Id.* After finding that it had jurisdiction, the district court dismissed the suit with prejudice based upon prescription. On appeal, the U.S. Fifth Circuit ultimately affirmed on the merits. *Id.* at 300. First, however, it addressed whether the district court properly determined that it had jurisdiction under § 1332. *Id.* at 298. In *Luckett*, as here, there was no question that complete diversity between the parties was satisfied; "the sole jurisdictional issue [was] whether the district court erred in deciding that the amount in controversy exceeded $75,000." *Id.* After recounting the allegations in the complaint, and reciting the relevant law, the court concluded that Delta carried its burden of proving the amount in controversy. *Id.* In reaching this conclusion, the court noted that the plaintiff had sued Delta in tort, and that "[i]n the complaint . . . [she] alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." *Id.* On this basis, the court determined that "the face of the complaint" made it likely that the plaintiff's claims exceeded $75,000. *Id.*

Compared to the plaintiff in *Luckett*, the Perritt and Hollins Plaintiffs have provided little for this Court to rely on in determining that their claims exceed the jurisdictional minimum. Unlike the *Luckett* plaintiff, who made specific allegations

17

regarding the exact medical conditions suffered as a result of the defendant's conduct, the Perritt and Hollins Plaintiffs make vague allegations of "personal injuries and symptoms . . . . fear, [and] anguish"; unlike the *Luckett* plaintiff, who claimed that she was forced to endure an emergency ambulance trip and a six-day stay in the hospital, thereby providing the court with indicia of the gravity of her injuries as well as the cost of her care, the Plaintiffs here state merely that they suffered "pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages"; finally, unlike the *Luckett* plaintiff, who claimed that following her hospitalization she suffered a temporary inability to do housework, the Plaintiffs here simply say that they suffered "discomfort and inconvenience." (Perritt Petition at ¶¶ 13–14; Hollins Petition at ¶¶ 13–14). In sum, the Petitions here fall short of the showing that the Fifth Circuit found sufficient to prove "facial[] apparen[cy]" in *Luckett*.

Indeed, the petitions at issue here are more analogous to the petition at issue in *Simon v. Wal-Mart Stores*, where the Fifth Circuit determined that the jurisdictional minimum was not satisfied. In *Simon*, Dixie Lee Simon and Elwin Simon sued Wal-Mart in Louisiana state court after a purse-snatching that occurred in Wal-Mart's parking lot. Dixie Lee alleged that as she was walking in the parking lot, a car drove past, and "her purse, wrapped around her arm, was suddenly and unexpectedly grabbed causing her to be dragged by the car the distance of several parking spaces to the front of the Wal–Mart Store before being

18

released." *Simon*, 193 F.3d at 850 (alterations omitted). As a result of this incident, Dixie Lee "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial, and . . . incurred . . . medical expenses." *Id.* at 849–50. Further, Elwin sought "reasonable" damages for loss of consortium. *Id.* at 850. In *Simon*, as here, the plaintiffs did not plead a monetary amount of damages.

Wal–Mart removed the action to federal district court on the basis of diversity jurisdiction. *Id.* Again, there was no question that complete diversity between the parties was satisfied. *Id.* However, as to the jurisdictional amount, Wal–Mart "merely alleged that 'the matter in controversy herein exceeds the sum of $75,000, exclusive of interests and costs.'" *Id.* After a trial, a jury awarded the plaintiffs $30,000. *Id.* at 849.

Wal-Mart appealed. The Fifth Circuit vacated the judgment without reaching the merits because it determined that Wal-Mart failed to carry its burden of proving by a preponderance of the evidence that the jurisdictional minimum for diversity jurisdiction was met. First, the Court noted that "Wal-Mart neither filed an affidavit with its Notice of Removal nor set forth any facts in controversy in that Notice" which would support a finding of the requisite amount. "Accordingly, removal was proper only if the jurisdictional amount was 'facially apparent' from the complaint." *Id.* at 850. The Court then determined that the *Simon* petition was

19

insufficiently plead to make it more likely than not that the plaintiffs' damages exceeded the jurisdictional minimum.

In determining that Wal-Mart failed to carry its burden, the court drew an instructive distinction between the *Luckett* petition and the *Simon* petition.

> *Luckett* involved a tort action brought by a plaintiff whose luggage, containing her heart medication, was lost by the defendant airline. Luckett became severely ill after not taking the medication and *specifically* alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization. In contrast, the instant complaint alleged, with little specificity, damages from *less severe* physical injuries—an injured shoulder, bruises, and abrasions—and *unidentified* medical expenses for Simon, plus loss of consortium for Elwin. It did not allege any damages for loss of property, emergency transportation, hospital stays, *specific* types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction. On the basis of the Simons' allegations, we must conclude that it was not "facially apparent" that the amount of damages would exceed $75,000.

*Id.* at 850–51 (emphasis added).

Here, the injuries suffered by the Plaintiffs are vaguely identified, or less severe than those at issue in *Luckett*. Accordingly, in light of *Simon*, this Court determines that "[o]n the basis of the [Plaintiffs'] allegations, . . . it was not 'facially apparent' that the amount of damages would exceed $75,000." *Id.* at 851.

In arguing to the contrary, Westlake surveys a number of Louisiana state cases involving chemical releases where the jury ultimately awarded the plaintiffs sums in excess of $75,000. (*See* Doc. 6 at pp. 9–15; Doc. 9 at pp. 9–13). Westlake

20

also points to a variety of Fifth Circuit cases where the Court of Appeals or the district court determined that the jurisdictional minimum was satisfied. (*See* Doc. 6 at pp. 9–15; Doc. 9 at pp. 9–13). Westlake presents these cases for two propositions: first, to "show[] that the amount in controversy exceeds $75,000"; and, second, to prove that "Plaintiffs cannot show that it is certain that they will not be able to individually recover more than $75,000." (*See* Doc. 6 at p. 11; Doc. 9 at p. 11).

This Court is unpersuaded. The test for determining whether the jurisdictional minimum is established is *not* whether plaintiffs in other chemical release cases have recovered more than $75,000, *or* whether federal courts have previously determined that petitions were pleaded with sufficient specificity to establish the jurisdictional minimum. Instead, as stated multiple times already, the test is whether the defendant has "establish[ed] that it is 'facially apparent' that the claims probably exceed $75,000." *Felton*, 324 F.3d at 774. Due to the vague nature of Plaintiffs' claims in their petitions, Westlake has failed to make that showing by a preponderance of the evidence. And because the Court finds that Westlake has failed to make its initial showing, the Plaintiffs are under no obligation to "show that it is certain that they will not be able to individually recover more than $75,000," (Doc. 6 at p. 11; Doc. 9 at p. 11). *See 1994 Exxon Chem. Fire*, 558 F.3d at 387 (indicating that only when the defendant has demonstrated "by a preponderance of the evidence, that the amount in controversy exceeded the jurisdictional amount" does the question become whether the plaintiffs "have

21

demonstrated it is legally certain they could not recover more than [the jurisdictional minimum").

In sum, it is impossible for this Court to conclude that it is "facially apparent" from the Plaintiffs' claims that the amount in controversy in either action is satisfied. And because Westlake did not include any affidavits or additional facts in controversy with its Notices of Removal, Westlake has failed to prove by a preponderance of the evidence that the minimum threshold for diversity jurisdiction is satisfied.

### b. *Federal Class Action Jurisdiction Analysis*

Having failed to prove that traditional diversity jurisdiction exists, the Court now considers Westlake's alternative basis for federal subject matter jurisdiction: specifically, federal class action jurisdiction under 28 U.S.C. § 1332(d). (*See* 3:12-cv-00253 Doc. 1 at ¶4; 3:12-cv-00254 Doc. 1 at ¶ 4).

"CAFA amended 28 U.S.C. § 1332 to provide the federal courts with original jurisdiction over class actions when there is minimal diversity, § 1332(d)(2), and the *aggregate* amount in controversy exceeds $5 million, exclusive of interest and costs." *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) (emphasis added) (citing 28 U.S.C. § 1332(d)(2), (6)). Further, for CAFA jurisdiction to apply, the number of members of all proposed plaintiff classes in the aggregate must be greater than 99. *See* 28 U.S.C. § 1332(d)(5)(B).

22

Here, again, the Plaintiffs concede, and the court agrees, that "the minimal diversity requirement is satisfied." (Doc. 4-1 at p. 5; *see also* Doc.8-2 at p. 4). However, for the same reasons as explained above, Westlake has failed to prove by a preponderance of the evidence that the jurisdictional minimum is met, even if the Plaintiffs claims are aggregated. Quite simply, because the Court's analysis is limited to the claims as they existed at the time of removal, and because the Plaintiffs' petitions provide no reliable metric for determining the nature and extent of their damages or potential fees, the Court cannot reliably aggregate their potential claims to arrive at a sum greater than $5,000,000. *See* 28 U.S.C. § 1332(d)(5)(B).

In any event, neither the Perritt Petition nor the Hollins Petition indicates that the class the Plaintiffs purport to represent contains more than the number of named Plaintiffs in each action—specifically, eight in the Perritt Action and three in the Hollins Action, (*see generally* Perritt Petition; Hollins Petition)—and, yet again, Westlake's Notices of Removal offer nothing further to establish that "the number of members of all proposed plaintiff classes in the aggregate is [greater than 99]." *See* 28 U.S.C. § 1332(d)(5)(B).

Accordingly, Westlake has also failed to show that federal subject matter jurisdiction exists under 28 U.S.C. § 1332(d).

23

### III.    CONCLUSION

In sum, Westlake has failed to prove the existence of federal subject matter jurisdiction under 28 U.S.C. §§ 1332(a) or (d).  Therefore, having no basis to exercise jurisdiction over Plaintiffs' claims, the Perritt and Hollins Actions "shall be remanded" pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that Plaintiffs **MOTIONS TO REMAND (Docs. 4 and 8)** are **GRANTED.**

**IT IS FURTHER ORDERED** that civil actions **3:12-cv-00253** (*Perritt, et al. v. Westlake Vinyls Company, et al.*), and **3:12-cv-00254** (*Hollins, et al. v. Westlake Chemical Corporation, et al.*) are each **REMANDED** to the 23rd Judicial District Court, Ascension Parish, State of Louisiana**.**

**IT IS FURTHER ORDERED** that Westlake's **MOTION REQUESTING ORAL ARGUMENT (Doc. 7)** is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter this Order in the docket for the lead case in this matter **(3:12-cv-00253)**, and in the case-specific docket for civil action **3:12-cv-00254.**

Baton Rouge, Louisiana, this 9th day of December, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

24