UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **WILLIAM HARDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-268-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 13, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **WILLIAM HARDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-268-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the court on referral from the district judge of plaintiff's Motion to Remand.[1] The motion is opposed.[2] The issue before the court is whether the amount in controversy is sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332(a).

**I.    Background**

On March 20, 2013, the plaintiff filed his petition in the 23rd Judicial District Court, Ascension Parish, Louisiana.[3] The plaintiff alleges that he was injured as a result of "an explosion and chemical release [that] occurred at Westlake's Geismar Vinyls Complex on March 22, 2012."[4] The plaintiff claims that the "explosion and chemical release resulted in the [airborne] discharge of vinyl chloride monomer, hydrochloric acid, chlorine and hydrochloric

---

[1] R. Doc. 23. Unless otherwise indicated, the record document citations are docketed in the lead case, *Perritt v. Westlake Vinyls Company, LP*, No. 3:12-cv-253-BAJ-RLB.
[2] R. Doc. 26.
[3] No. 13-268, R. Doc. 1-1 at 3-7 ("Petition").
[4] Petition, ¶ 5.

1

acid solution and other toxic chemicals that are known human cancer causing agents, irritants, and are known to have toxic effect on the lungs and liver, not to mention other health risks."[5] The plaintiff alleges that the fire and explosion resulted from the defendants' "recklessness, carelessness, negligence and fault" and has alleged causes of action based on both negligence and strict liability.[6]

The plaintiff alleges general damages in the form of: (1) physical pain (past, present and future); (2) mental pain and suffering (past, present and future), including, but not limited to, emotional distress, anxiety and fear; (3) physical, anatomical, functional disability and/or impairment; (4) disfigurement and scarring; and (5) loss of enjoyment of life.[7] In addition, the plaintiff alleges special damages in the form of: (1) medical expenses (past, present and future); (2) loss of income and earning capacity; and (3) property damage.[8] Concerning the amount of damages, the plaintiff states that his "claim may not exceed the jurisdictional amount necessary for a jury trial" under Louisiana law.[9]

On April 30, 2013, the defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. §1332(a), which requires complete diversity of citizenship and over $75,000, exclusive of interest and costs, in controversy.[10] In the Notice of Removal, the defendants submitted that it is facially apparent from the petition that the jurisdictional amount has been satisfied. The defendants assert that there is complete diversity of citizenship because the plaintiff is a citizen of Louisiana and the defendants are citizens of Delaware and Texas.

---

[5] Petition, ¶ 6.
[6] Petition, ¶¶ 7-12.
[7] Petition, ¶ 13A.
[8] Petition, ¶ 13B.
[9] Petition, ¶ 15.
[10] No. 13-268, R. Doc. 1.

2

## II.       Arguments of the Parties

The plaintiff does not contest that the parties are of diverse citizenship, but instead argues that "there is no doubt that plaintiff's claim does not exceed Seventy-Five Thousand Dollars ($75,000.00)."[11]  In support of his argument, the plaintiff offers additional characterizations of his injuries (without a supporting affidavit).  The plaintiff states that his injuries include "scarring to the left side of the face and the left hand as a result of chemical exposure," his medical treatment is "virtually non-existent," his medical expenses "are next to nothing," and he has not lost any wages.[12]  The plaintiff then requests an opportunity to "file an affidavit which states that the amount in controversy in this suit does not exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs."[13]

The defendants have filed several Memoranda they request the court to consider in opposition to the plaintiff's Motion to Remand.  The defendants filed their original Opposition on June 18, 2013.[14]  In that Opposition, the defendants relied on arguments submitted in oppositions to motions to remand in two other consolidated cases—*Perritt v. Westlake Vinyls Company*, No. 3:12-cv-253-BAJ-RLB[15] and *Hollins v. Westlake Vinyls Company*, No. 3:12-cv-254-BAJ-RLB.[16]  The defendants also relied on a ruling and order issued by the court on February 26, 2013, denying remand in both the *Perritt* and *Hollins* matters.  *See Perritt v. Westlake Vinyls Co., LP*, No. 12-253, 2013 WL 705235 (M.D. La. Feb. 26, 2013).

---

[11] R. Doc. 23-2 at 3.
[12] R. Doc. 23-2 at 3.
[13] R. Doc. 23-2 at 4.  On December 6, 2013, the plaintiff filed a motion for leave to amend the Motion to Remand to permit the supplementation of the motion with an affidavit signed by the plaintiff on August 26, 2013 stipulating that the plaintiff's claim does not exceed $50,000.00, exclusive of interest and costs, and that he would not seek or accept any judgment in state court exceeding that amount. (R. Doc. 59 at 1-2). The defendants opposed the Motion, arguing that even if the motion were granted, the post-removal stipulation would have no bearing on the court's jurisdiction. (R. Doc. 61). The court granted the motion on February 11, 2014. (R. Doc. 62).
[14] R. Doc. 26.
[15] R. Doc. 6.
[16] R. Doc. 9.

3

On November 1, 2013, the district court vacated its February 26, 2013 ruling in *Perritt* and *Hollins* after concluding that it had incorrectly aggregated the plaintiffs' claims in those matters to reach the jurisdictional amount.[17]  Because the defendants' Opposition in the instant action relied heavily on their briefing in *Perritt* and *Hollins* — as well as the vacated ruling and order — the court provided the defendants with an opportunity to file a revised opposition memorandum.

The defendants filed their revised Opposition on November 21, 2013.[18]  The revised Opposition submits that the defendants stand by their arguments advanced in their original Opposition,[19] including its incorporated references to the *Perritt* opposition memoranda[20] and *Hollins* opposition memoranda.[21]

In short, the defendants argue that the court has diversity jurisdiction because it is "facially apparent" from the plaintiff's allegations that his damages exceeds the jurisdictional minimum.  In the alternative, the defendants argue they have established through "summary judgment-type evidence" that the jurisdictional minimum is satisfied.[22]  The defendants argue that the damage allegations in this action are "substantially similar to the damage allegations" in *Perritt* and *Hollins*.[23]  At the same time, however, the defendants highlight the plaintiff's allegation of "disfigurement and scarring" as sufficient to satisfy the jurisdictional amount.  The defendants also reference various decisions involving allegations of chemical exposure exceeding the jurisdictional minimum of $75,000 for diversity jurisdiction under 28 U.S.C. §1332(a).

---

[17] R. Doc. 50.
[18] R. Doc. 54.
[19] R. Doc. 26.
[20] R. Doc. 6.
[21] R. Doc. 9.
[22] R. Doc. 54 at 2.
[23] R. Doc. 54 at 19.

On December 9, 2013, the district court issued a ruling remanding the *Perritt* and *Hollins* cases. *See Perritt v. Westlake Vinyls Co., LP*, No. 12-254, 2013 WL 6451774 (M.D. La. Dec. 9, 2013). The defendants have not requested leave to submit additional briefing in light of this ruling.

**III.    Law & Analysis**

    **A.    Diversity Jurisdiction**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of

proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, [24] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the complaint that the plaintiff's claims likely exceed $75,000. If not, the court will consider whether the defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

### i.   The Court's Ruling in *Perrit* and *Hollins*

The district judge in the current case has previously issued a ruling on motions to remand in two separate class actions consolidated with this matter involving the same underlying events. In *Perritt v. Westlake Vinyls Co., LP*, No. 12-254, 2013 WL 6451774 (M.D. La. Dec. 9, 2013), the court reviewed two similar but independent class action petitions seeking recovery for "personal injuries and symptoms due to the explosion and exposure to the released chemicals,

---

[24] The Plaintiffs are all citizens of Louisiana. (No. 13-268, R. Doc. 1 at 2). The Defendants are citizens of Delaware and Texas. (No. 13-268, R. Doc. 1 at 2).

including fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages." *Perritt*, 2013 WL 6451774, at *1 (citation omitted). Describing its decision as a "close call," the court concluded that these allegations did not support a finding that the amount in controversy was facially apparent. *Id*. at *6. The court acknowledged that the release of chemicals from the explosion "created the *potential* for claims in excess of $75,000.00." *Id*. The court also acknowledged that because both petitions alleged class actions under Louisiana law, there was also "a *potential* for attorney's fees under La. C.C.P. art. 595, and that amount must be attributed to the class representative in assessing whether the jurisdictional minimum for diversity jurisdiction is satisfied." *Id*. The court concluded that despite the plaintiffs' potential for recovery, the Defendant did not demonstrate that one of the plaintiffs in each action would "*more likely than not*" recover more than the jurisdictional minimum. *Id*.

In reaching this conclusion, the court stated that the injuries alleged in the petitions were "vaguely stated" and constituted of "customary categories of damages set forth in personal injury actions, which provide the court with little guidance as to the *actual* damages incurred by the Plaintiffs." *Id*. (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)). The court declined to impute attorney's fees toward the calculation of the amount in controversy based on the vague and conclusory nature of the allegations in the two petitions. *See id.* at *7.[25]

---

[25] The court also concluded that the defendants did not meet their burden of establishing, under CAFA, that the purported classes in *Perritt* or *Hollins* contained at least 100 class members as required under 28 U.S.C. § 1332(d)(5)(B). *Id*. at *10. As there are no class allegations in this action, the court need not analyze CAFA jurisdiction.

7

### ii. The Instant Action

#### a. Whether the Jurisdictional Minimum Is Facially Apparent

The petition in this action has some distinguishing factors from the petitions in the *Perritt* and *Hollins* matters. For example, the plaintiff in this action has not alleged a class action under Louisiana law. That means the court need not calculate and impute class action attorney's fees to the plaintiff for the purpose of calculating the amount in controversy. *See Grant*, 309 F.3d at 876-78 (providing that when representatives of a Louisiana class action advance a cause of action for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under Louisiana Code of Civil Procedure article 595(A) "shall be attributed entirely to the class representatives and included in calculating the amount in controversy."); *see also Gordon v. Air Liquide-Big Three Inc.*, No. 12-396, 2013 WL 3490725, at *5 (M.D. La. July 10, 2013) (amount in controversy was facially apparent in a chemical exposure actions once attorney's fees in class action were imputed to the named plaintiffs).

The petition in this matter, however, includes additional allegations of damages not found in the *Perritt* and *Hollins* matters. The plaintiff alleges "physical, anatomical, functional disability and/or impairment; disfigurement and scarring; and loss of enjoyment of life."[26] In addition, the plaintiff alleges special damages not alleged in the *Perritt* and *Hollins* matters, including recovery for medical expenses and loss of income and earning capacity.[27]

At least one court has concluded that similar allegations in a chemical exposure case supported a finding that the amount in controversy requirement was facially apparent. *Aisola v. Exxonmobil Corp.*, No. 08-1105, 2009 WL 1455788, at *2 (E.D. La. May 22, 2009). The plaintiffs in *Aisola* sought recovery for pain and suffering, mental anguish and inconvenience,

---

[26] Petition, ¶ 13A.
[27] Petition, ¶ 13B.

8

lost wages, and permanent disability and disfigurement.[28]  The court concluded that, in a chemical exposure case, a "claim for permanent disfigurement and disability alone supports a finding that it is facially apparent from the complaint that the amount in controversy requirement is met." *Id*.  Here, the plaintiff's allegation of disability and disfigurement, in addition to his claims for medical expenses and lost wages, provides support for a finding that the amount in controversy is facially apparent.  *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (allegations of "emotional distress, functional impairments, or disability" support a "substantially larger monetary basis for federal jurisdiction").

That said, the plaintiff also alleges in his petition that the "claim may not exceed the jurisdictional amount necessary for a jury trial" in state court.[29]  Although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana state court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought establishes the right to a jury trial or the lack of jurisdiction in federal court.[30]  In Louisiana, jury trials are only available when the amount in controversy exceeds $50,000.  *See* La C. Civ. P. art. 1732.  The plaintiff's statement, although not conclusive, supports a finding that the jurisdictional amount is not facially apparent.  *See Lewis v. Dolgencop, Inc.*, No. 08-160, 2008 WL 4909673, at *4 (M.D. La. Nov. 13, 2008) (considering failure to request jury trial in determining that amount in controversy was not facially apparent);

---

[28]*Aisola v. Exxonmobil Corp.*, No. 08-1105 (E.D. La. Feb. 22, 2008), ECF No. 1-1 (Petition for Damages at ¶ 6).
[29] No. 13-268, Petition, ¶ 15.
[30] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

*Dailey v. Dollar Gen. Stores, Ltd.*, No. 05-1472, 2005 WL 2716301, at *1 (W.D. La. Oct. 20, 2005) (same).[31]

Considering the plaintiff's allegation that the amount in controversy may not exceed the $50,000 amount required for a jury in state court, and in light of the court's ruling in *Perritt* and *Hollins*, which involved the same underlying events, the undersigned recommends a finding that the amount in controversy is not facially apparent. Despite the fact that the allegations of damages are broader in scope than in *Perritt* and *Hollins*, they are still the same types of categorical damages the district court found "vaguely stated" in its prior ruling. The plaintiff does not provide specifics regarding the alleged personal injury and psychological damages alleged. With regard to property damages, there are no allegations suggesting that the plaintiff's real property has been contaminated, which may warrant costly soil and groundwater remediation. Furthermore, there are no allegations regarding inconvenience or evacuation costs resulting from the underlying events.

### b. Whether the Defendants Submitted Facts in Controversy Supporting a Finding of the Jurisdictional Minimum

The court will now consider whether the defendants have set forth any facts in controversy that support a finding of the jurisdictional minimum. To support their argument that the amount in controversy has been satisfied, the defendants submitted the Affidavit of John

---

[31] The court notes that the plaintiff did not provide a statement that the amount in controversy required for federal jurisdictional has not been satisfied. Courts have held that the failure to allege that the amount in controversy does not exceed $75,000, exclusive of interests and costs, supports a finding that the jurisdictional amount is satisfied. *See*, *e.g.*, *Clayton v. American Sec. Ins. Co.*, 466 F. Supp. 2d 720, 723 (M.D. La. Dec. 6, 2006). It is self-evident, however, that an allegation that the amount in controversy might not exceed the $50,000 required for jury trial in Louisiana also serves the purpose of stating that the federal amount in controversy requirement has not been met.

10

Casey ("Casey Affidavit").[32]  This post-removal affidavit was provided as part of defendants' Opposition.[33]

Although the court may not consider facts developed after the time of removal, courts have stated that a removing defendant may rely on submissions filed after removal, "so long as the post-removal filing sets forth facts developed at the time of removal."  *Dixon v. Nan Ya Plastics Corp.*, No. 07-227, 2007 WL 4561136, at *4 (M.D. La. Dec. 20, 2007); *see also Simon*, 193 F.3d at 851 n.10 ("post-petition affidavits are allowable only if relevant" to the time of removal); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (where jurisdictional amount was facially ambiguous, court would considered post-removal affidavit as it was "still examining the jurisdictional facts *as of the time* the case [was] removed" even though the information itself was "submitted after removal"), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.); *Ditcharo v. United Parcel Service, Inc.*, 376 F. App'x 432, 436 (5th Cir. 2010) (facts supporting a finding of the requisite amount in controversy "should be set forth either in the removal petition (the preferred method), or by *subsequent* affidavit.") (emphasis added).

In *Felton v. Greyhound Lines, Inc.* 324 F.3d 771, 773-74 (5th Cir. 2003), however, the Fifth Circuit stated that the removing defendant may support jurisdiction "by establishing facts in controversy in the removal petition or an *accompanying* affidavit to show that the amount-in-controversy is met." (emphasis added).  This language indicates that any such affidavit should be

---

[32] R. Doc. 26-1.
[33] R. Doc. 26.

11

submitted with the removal petition.  *See Perritt*, 2013 WL 6451774, at *5.  Although *Felton* cites to *Simon* for this proposition, *Simon* does not limit consideration to affidavits only if they were submitted with the removal petition.[34]  Indeed, *Simon* specifically notes that post-petition affidavits are allowable for determining facts at the time of removal, only "if relevant to that period of time." *Simon*, 193 F.3d at 851 n.10 (citing *Allen*, 63 F.3d at 1335).

For purposes of the instant Motion, however, it does not matter if the affidavit was submitted "accompanying" or "subsequent" to the Notice of Removal.  Whether the court considers the Casey Affidavit or not, remand would still be warranted.  The Casey Affidavit suggests that the only property damage suffered by those affected by the explosion is limited to the accumulation of ash and soot on their vehicles.[35]  The Casey Affidavit states that the chemical plume released into the air by the explosion included reportable quantifies of chlorine and vinyl chloride monomer ("VCM"), which are "toxic by inhalation" and may "cause unconsciousness and death" when inhaled in "extremely high concentrations."[36]  The Casey Affidavit further claims that VCM is classified as a "confirmed human carcinogen."[37]  The Casey Affidavit does not, however, attribute any such hypothetical harms to the plaintiff in this case.[38]  Furthermore, the plaintiff has not alleged unconsciousness or death or any specific claims for fear of contracting cancer or for medical monitoring.  Even if the court were to conclude that the presence of chlorine and VCM in the chemical plume supported potential

---

[34] In fact, it does not appear that the court in either *Felton* or *Simon* was faced with whether to consider a post-removal affidavit for purposes of determining jurisdiction.
[35] R. Doc. 26-1 at 3-4, ¶ 9.
[36] R. Doc. 26-1 at 2, ¶ 4.
[37] R. Doc. 26-1 at 2, ¶ 4.
[38] The lack of specific harms provided by the defendants is consistent with the plaintiff's statements in his briefing that his disability and disfigurement is limited to scarring on his face and hand as a result of chemical exposure, his medical treatments are "virtually non-existent," his medical expenses "are next to nothing," and he has not lost any wages (despite having alleged such damages).  The court finds these statements informative in light of the defendants' failure to bring any evidence or facts to the court suggesting otherwise.

damages for fear and fright or other forms of mental anguish, the defendants have indicated in their briefing that recovery for such claims would be limited to approximately $3,000 and $10,000.[39]

In addition, the plaintiff filed a post-removal stipulation providing that his claims do not exceed $50,000.00, exclusive of interests and costs, and that he would not seek or accept any judgment in state court exceeding that amount.[40] Because the amount in controversy is not facially apparent, the court may consider a post-removal stipulation to clarify the ambiguity in the amount in controversy as of the date of removal. *See Gebbia*, 233 F.3d at 883; *ANPAC*, 988 F.2d at 565. As pointed out above, the plaintiff already stated in the petition that he was not seeking damages sufficient to support a request for a jury trial in Louisiana state court ($50,000). This post-removal stipulation, therefore, is not a blatant attempt after removal to voluntarily reduce the amount in controversy below the jurisdictional limit. *See Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 620 (E.D. La. 2001) (considering post-removal stipulation where the amount in controversy at the time of removal was ambiguous, but concluding that the stipulation constituted "an attempt to voluntarily reduce the amount in controversy below the jurisdictional limit" in contradiction to an interrogatory response by plaintiff stating that his general damages was $250,000). The court concludes that the post-removal stipulation in this matter clarifies any remaining ambiguity in the amount in controversy.

In conclusion, even considering the summary-judgment type evidence submitted by the defendants after the Notice of Removal, the court finds that the defendants have failed to meet their burden of proving the amount in controversy has been satisfied.

---

[39] R. Doc. 6 at 19.
[40] R. Doc. 63.

**IV.     Conclusion**

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 23) be **GRANTED** and the case be remanded to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 13, 2014.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**