UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:12-cv-00253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **LEAD CASE** |
| | C/W 3:12-cv-00254-BAJ-RLB, 3:13-cv-00209-BAJ-RLB, 3:13-cv-00253-BAJ-RLB, 3:13-cv-00254-BAJ-RLB, 3:13-cv-00268-BAJ-RLB, 3:13-cv-00269-BAJ-RLB, 3:13-cv-00270-BAJ-RLB |

## RULING AND ORDER

Before the Court is Plaintiff William Holden's ("Holden") **MOTION TO REMAND (Doc. 23).**[1] The Magistrate Judge has issued a **REPORT AND RECOMMENDATION (Doc. 64),** recommending that the Court grant Holden's Motion, and that "the case be remanded to the 23rd Judicial District Court, Ascension Parish, Louisiana," (*id.* at p. 15). Defendants Westlake Chemical Corporation and Westlake Vinyls Company, LP (collectively,

---

[1] In a series of Orders, this Court consolidated related cases with *Perritt, et al. v. Westlake Vinyls Company, et al.*, 3:12-cv-00253, the lead case in this matter. (*See* 3:12-cv-00253 Doc. 3; Doc. 18; Doc. 20). In its May 28, 2013 Order, the Court explained that these cases are "consolidated for pretrial management with CV 12-253," and that the Court "will determine at a later appropriate time whether any or all of these cases will be tried separately, as provided by Rule 42(b)." (Doc. at p. 2).

23rd JDC

"Westlake") have filed written objections to the Magistrate Judge's Report. (Doc. 66).

Having carefully considered Holden's **MOTION (Doc. 23)** and related filings—including Westlake's objections[2]—the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 64)** and the recommendation contained therein, and **ADOPTS** it as the Court's opinion.

Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 64),

**IT IS ORDERED** that Holden's **MOTION TO REMAND (Doc. 23)** is **GRANTED.**

**IT IS FURTHER ORDERED** that civil action **3:13-cv-00268** (*William Holden v. Westlake Vinyls Company, LP*), is **REMANDED** to the 23rd Judicial District Court, Ascension Parish, State of Louisiana.

---

[2] Among other things, Westlake objects to the Magistrate Judge's consideration of Holden's "post-removal stipulation providing that his claims do not exceed $50,000.00, exclusive of interests and costs, and that he would not seek or accept any judgment in state court exceeding that amount," (Doc. 64 at p. 14). *See* Doc. 66 at pp. 5–6. Westlake's objection misses the mark. Even assuming that the Magistrate Judge *improperly* considered Holden's "post-removal stipulation," it is not facially apparent from Holden's state-court petition that his "claims probably exceed $75,000," and Westlake did not otherwise "establish[] the facts in controversy in the removal petition or an *accompanying* affidavit to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (emphasis added). Accordingly, Westlake has not carried its burden of "prov[ing] by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

2

Case 3:12-cv-00253-BAJ-RLB    Document 71    03/05/14    Page 2 of 3

IT IS FURTHER ORDERED that the Clerk of Court shall enter this Order in the docket for the lead case in this matter **(3:12-cv-00253)**, and in the case-specific docket for civil action **3:13-cv-00268.**

Baton Rouge, Louisiana, this 5th day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**