## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **NEIL ANDREWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-254-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 21, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP,**<br>**ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **NEIL ANDREWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-254-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP,**<br>**ET AL.** | |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter is before the court on referral from the district judge of plaintiff's Motion to Remand.[1]  The defendants have filed a response, but do not formally oppose the motion.[2]  The issue before the court is whether the amount in controversy is sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity) or 28 U.S.C. § 1332(d) (Class Action Fairness Act or "CAFA").

## I.       BACKGROUND

On March 25, 2013, the plaintiffs filed their petition in the 23rd Judicial District Court, Ascension Parish, Louisiana.[3]  The plaintiffs allege that on March 22, 2012, they were injured as a result of a "fire and explosion at the Westlake Vinyl's, LP. facility in Geismar, Ascension

---

[1] R. Doc.78.  Unless otherwise indicated, the record document citations are docketed in the lead case, *Perritt v. Westlake Vinyls Company, LP*, No. 3:12-cv-253-BAJ-RLB.
[2] R. Doc. 82.
[3] R. Doc. 78-3 ("Petition").

Parish, State of Louisiana."[4]  The plaintiff claims that the "fire and explosion caused the release of a large amount of chemicals into the community, including vinyl chloride, hydrochloric acid and chlorine."[5]  The plaintiff alleges that the fire and explosion resulted from the defendants' negligence and fault.[6]

The plaintiffs further allege that they "suffered personal injuries and symptoms due to the explosion and exposure to the released chemicals and suffered fear and fright and emotional and mental anguish."[7]  The plaintiffs allege that the fire and explosion caused them "fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages."[8]

On April 22, 2013, the defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. §1332(a), and CAFA jurisdiction under 28 U.S.C. § 1332(d).[9]  In the Notice of Removal, the defendants submitted that it is facially apparent from the petition that the jurisdictional amount has been satisfied on either basis of removal.   The defendants also assert that there is complete diversity of citizenship because the plaintiffs are citizen of Louisiana and the defendants are citizens of Delaware and Texas.

On May 28, 2013, this action was consolidated with seven other actions arising from the same incident.[10]

On December 9, 2013, the district judge granted the plaintiffs' motions to remand in the *Perritt* and *Hollins* actions.  *See Perritt v. Westlake Vinyls Co., LP*, 986 F. Supp. 2d 726 (M.D. La. Dec. 9, 2013), *affirmed*, 562 F. App'x 228, 230 (5th Cir. 2014).   The court concluded that

---

[4] Petition, ¶ 2.
[5] Petition, ¶ 4.
[6] Petition, ¶¶ 10-12.
[7] Petition, ¶ 13.
[8] Petition, ¶ 14.
[9] *Andrews v. Westlake Vinyls Company, LP*, No. 3:13-cv-254-BAJ-RLB, R. Doc. 1.
[10] R. Doc. 20.

the plaintiffs' allegations in those actions, which are substantially similar to those alleged in this action, did not support a finding that the amount in controversy was facially apparent. *Id*. at 733-37. The court concluded that despite the plaintiffs' potential for recovery, the Defendant did not demonstrate that one of the plaintiffs in each action would "*more likely than not*" recover more than the jurisdictional minimum. *Id*. at 733. In reaching this conclusion, the court stated that the injuries alleged in the petitions were "vaguely stated" and constituted "customary categories of damages set forth in personal injury actions, which provide the court with little guidance as to the *actual* damages incurred by the Plaintiffs." *Id*. at 734 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)). The court declined to impute attorney's fees toward the calculation of the amount in controversy based on the vague and conclusory nature of the allegations in the two petitions. *See id.* at 734-35. Accordingly, the court remanded the actions, as it did not find jurisdiction under either traditional diversity jurisdiction or CAFA.

Subsequently, the district judge remanded two additional cases in these consolidated actions on similar grounds. *See Perritt v. Westlake Vinyls Co., LP*, 12-cv-253, 2014 WL 868068 (M.D. La. Mar. 5, 2014) (remanding *Harden v. Westlake Vinyls Co., LP*, No. 13-cv-228), *amended*, ECF No. 76 (M.D. La. Apr. 14, 2014); *Martin v. Westlake Vinyls Co., LP*, No. 13-cv-253, ECF No. 9 (M.D. La. Feb. 18, 2014), *report and recommendation adopted*, ECF No. 11 (Mar. 11, 2014).

On May 7, 2014, the plaintiff in this action filed a Motion to Remand alleging that the court lacks subject matter jurisdiction.[11] In support of the remand, plaintiff argues that the instant action "involves the same subject matter, the chemical release from [the] Westlake facility in Geismar, Louisiana on March 22, 2012, as the *Perritt* and *Hollins* matters." In particular, the plaintiff notes that the district court's ruling remanding the *Perrit* and *Hollins* actions was upheld

---

[11] R. Doc. 78.

by the Fifth Circuit. *See Perritt v. Westlake Vinyls Co., LP*, 562 F. App'x 228, 230 (5th Cir. 2014).

On May 22, 2014, the defendants filed a response acknowledging that the Fifth Circuit affirmed the district court's ruling remanding the *Perritt* and *Hollins* actions on the ground that there was no CAFA jurisdiction, and the Fifth Circuit's decision "could be considered dispositive of the issues presented by the motion to remand in this case, which are similar."[12] In light of the Fifth Circuit's affirmation of the remand order in the *Perritt* and *Hollins* matters, the defendants state that they do not object to remand and do not "formally" oppose plaintiff's motion.[13]

## II.    LAW & ANALYSIS

### A.    Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

---

[12] R. Doc. 82 at 2. The defendants further note that the Fifth Circuit did "not discuss their alternate argument that federal subject matter jurisdiction existed under principles of traditional jurisdiction." *Id.*
[13] R. Doc. 82 at 2.

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

The petition in this action is substantially similar to the petitions in the *Perritt* and *Hollins* actions, and the allegations of damages suffered in this action are virtually identical to the allegations of damages alleged in the *Perritt* petition. Furthermore, like the plaintiffs in the *Hollins* action, the plaintiffs in this action allege that the plaintiffs' individual claims in this matter "are less than $75,000.00" and the plaintiffs "specifically allege that the amount in controversy . . . does not meet the threshold amounts for federal court jurisdiction under diversity jurisdiction."[14] The defendants admit that the petitions in the *Perritt* and *Hollins* action and this action are similar. The defendants do not alert the court of any differences that would warrant a

---

[14] Petition, ¶¶ 15, 16; *see also Perritt*, 986 F. Supp. 2d. at 728 (citing the *Hollins* petition).

finding that the amount in controversy is facially apparent in this matter. The defendants do not purport to submit any additional facts in controversy relevant to a finding that the jurisdictional minimum is met. The defendants have, therefore, failed to meet their burden of proof to establish the amount in controversy. *See Luckett*, 171 F.3d at 298; *Perritt*, 986 F. Supp. 2d at 732-737.

### B.      Class Action Fairness Act

For this court to have jurisdiction under CAFA, there must be minimal diversity, there must be at least 100 members of the proposed class, and the aggregate amount in controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5), (6).

In the *Perritt* and *Hollins* ruling, this court concluded that the defendants did not meet their burden of establishing that subject matter jurisdiction existed under 28 U.S.C. § 1332(d). *Perritt*, 986 F. Supp. 2d at 737-38. The court held that the defendants failed to prove both that there were at least 100 members of the proposed class and that the amount in controversy, in the aggregate, exceeded $5,000,000. *Id.*

The class allegations asserted in this action are substantially similar to those alleged in the *Perritt* and *Hollins* matter. The defendants raise no arguments in support of finding jurisdiction under CAFA. Accordingly, for the same reasons provided in the *Perritt* and *Hollins* ruling, the defendants have failed to satisfy their burden of establishing that the court has jurisdiction under CAFA. *Id.*

### III.      CONCLUSION

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied. Furthermore, the Class Action Fairness Act does not apply to this action because there is no

indication in the record that the purported class meets or exceeds 100 members and the minimum amount in controversy requirement has not been satisfied.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 78)[15] be **GRANTED** and the case be remanded to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 21, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] This motion also appears as ECF No. 5 in 13-cv-254.