UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **FREDDY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-269-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 21, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| BLAKE PERRITT, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO.: 12-253-BAJ-RLB |
| WESTLAKE VINYLS COMPANY, LP, ET AL. | CONSOLIDATED CASES |

THIS DOCUMENT PERTAINS TO:

| FREDDY JACKSON | CIVIL ACTION |
|---|---|
| VERSUS | NO.: 13-269-BAJ-RLB |
| WESTLAKE VINYLS COMPANY, LP, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* on the issue of whether the amount in controversy is sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity).[1] The plaintiff has filed a brief arguing that the amount in controversy requirement is not satisfied.[2] The defendants have filed a brief arguing that the amount in controversy is satisfied, but also asserting that, in light of the court's earlier rulings remanding other consolidated cases, the defendants will not object to remand if granted.[3]

### I. BACKGROUND

On March 20, 2013, the plaintiff filed his petition in the 23rd Judicial District Court, Ascension Parish, Louisiana.[4] The plaintiff alleges that on March 22, 2012, he sustained

---

[1] R. Doc. 79. Unless otherwise indicated, the record document citations are docketed in this case, *Perritt v. Westlake Vinyls Company, LP*, No. 3:12-cv-253-BAJ-RLB.
[2] R. Doc. 84
[3] R. Doc. 83.
[4] *Jackson v. Westlake Vinyls Company, LP*, No. 3:13-cv-269-BAJ-RLB, R. Doc. 1-1 ("Petition").

1

damages as a result of "the fire and subsequent chemical spill/release which occurred at the defendants' Geismar Vinyls Complex in Geismar, Louisianam in Ascension Parish. . . ."[5] The plaintiff claims that an "explosion" filled the air around the Complex "with chemical residue and ash, including vinyl chloride, hydrochloric acid, and chlorine."[6] The plaintiff alleges that the fire and explosion resulted from the defendants' negligence and fault.[7]

The plaintiff further alleges that he suffered "expenses to repair his vehicle" and the following additional damages: "pain, suffering, grief, mental anguish, permanent disfigurement, residual disability, lost wages, medical expenses, impairment of income earning capacity, property damage, and/or loss of enjoyment of life. . . ."[8] The plaintiff asserts that his alleged personal injuries include injuries "to his head, ears, eyes, nose, mouth, airways, lungs, and/or skin, requiring treatment by physicians."[9]

On April 30, 2013, the defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. §1332(a).[10] In the Notice of Removal, the defendants submitted that it is facially apparent from the petition that the jurisdictional amount has been satisfied on either basis of removal. The defendants also assert that there is complete diversity of citizenship because the plaintiffs are citizen of Louisiana and the defendants are citizens of Delaware and Texas.

On May 28, 2013, this action was consolidated with seven other actions arising from the same incident.[11]

---

[5] Petition, ¶ 2.
[6] Petition, ¶ 4.
[7] Petition, ¶ 7.
[8] Petition, ¶ 11.
[9] Petition, ¶ 3.
[10] *Jackson*, No. 3:13-cv-269, R. Doc. 1.
[11] R. Doc. 20.

On December 9, 2013, the district judge granted the plaintiffs' motions to remand in the *Perritt* and *Hollins* actions. *See Perritt v. Westlake Vinyls Co., LP*, 986 F. Supp. 2d 726 (M.D. La. Dec. 9, 2013), *affirmed*, 562 F. App'x 228, 230 (5th Cir. 2014). The court concluded that the plaintiffs' allegations in those actions did not support a finding that the amount in controversy was facially apparent. *Id*. at 733-37. The court concluded that despite the plaintiffs' potential for recovery, the Defendant did not demonstrate that one of the plaintiffs in each action would "*more likely than not*" recover more than the jurisdictional minimum. *Id*. at 733. In reaching this conclusion, the court stated that the injuries alleged in the petitions were "vaguely stated" and constituted "customary categories of damages set forth in personal injury actions, which provide the court with little guidance as to the *actual* damages incurred by the Plaintiffs." *Id*. at 734 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)). The court declined to impute attorney's fees toward the calculation of the amount in controversy based on the vague and conclusory nature of the allegations in the two petitions. *See id.* at 734-35. Accordingly, the court remanded the actions, as it did not find jurisdiction under either traditional diversity jurisdiction or CAFA.

Subsequently, the district judge remanded two additional cases in these consolidated actions on similar grounds. *See Perritt v. Westlake Vinyls Co., LP*, 12-cv-253, 2014 WL 868068 (M.D. La. Mar. 5, 2014) (remanding *Harden v. Westlake Vinyls Co., LP*, No. 13-cv-228), *amended*, ECF No. 76 (M.D. La. Apr. 14, 2014); *Martin v. Westlake Vinyls Co., LP*, No. 13-cv-253, ECF No. 9 (M.D. La. Feb. 18, 2014), *report and recommendation adopted*, ECF No. 11 (Mar. 11, 2014).

In light of the district judge's rulings remanding the *Perritt*, *Hollins*, *Harden*, and *Martin* actions, the court ordered the plaintiff and defendants to submit briefs or other appropriate filings

addressing whether the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied in this matter.[12]

On May 30, 2014, the plaintiff filed a briefing regarding the jurisdictional amount alleging that the amount in controversy requirement has not been satisfied.[13] In support of remand, plaintiff alleges in his brief that as a result of the incident, he incurred medical bills totaling $661 and lost wages totaling $1,210.[14] Although alleged in the petition, the plaintiff now denies that he has not suffered any permanent disfigurement or disability and does not claim damages to his vehicle.[15] The plaintiff did not file an affidavit in support of these assertions.

On June 4, 2014, the defendants filed a memorandum regarding the amount in controversy requirement.[16] The defendants acknowledge that the Fifth Circuit affirmed the district court's ruling remanding the *Perritt* and *Hollins* actions, and that they have not opposed motions to remands filed in two other consolidated actions in light of the Fifth Circuits' ruling.[17] The defendants further acknowledge that the district court's rulings in *Perritt*, *Hollins*, *Harden*, and *Martin*, as well as the Fifth Circuit's denial of the defendants' appeal in *Perritt* and *Hollins*, may be dispositive regarding the amount in controversy issue in this case.[18]

The defendants nevertheless argue that because the damages allegations in the plaintiff's petition are more specific than the damages allegations in the *Perritt* and *Hollins* actions, and the petition does not include a statement regarding lack of federal jurisdiction, the court should conclude that the allegations support a finding that the amount in controversy requirement has

---

[12] R. Doc. 79.
[13] R. Doc. 84.
[14] R. Doc. 84 at 1.
[15] R. Doc. 84 at 1-2.
[16] R. Doc. 83.
[17] R. Doc. 83 at 2.
[18] R. Doc. 83 at 2-3.

4

been satisfied.[19] The defendants do not submit any affidavits providing additional support for this assertion.[20] Accordingly, the defendants are only arguing that it is facially apparent that the amount in controversy has been satisfied.[21]

## II. LAW & ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of

---

[19] R. Doc. 83 at 2.
[20] In the *Perritt*, *Hollins*, *Harden*, and *Martin* matters, defendants submitted an Affidavit of John Casey as part of their opposition to remand and the court addressed that affidavit in each of those proceedings. That affidavit has not been submitted in the instant matter.
[21] R. Doc. 83 at 3.

5

proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The instant petition contains some broad allegations of mental damages (such as pain, suffering, and mental anguish) and property damages that are contained, in one form or another, in the *Perritt*, *Hollins*, *Harden*, and *Martin* petitions. The instant petition, however, also contains allegations regarding damages not found in the *Perritt* and *Hollins* petitions.

The plaintiff asserts that he has suffered disfigurement, disability, and the loss of enjoyment of life, as well as additional special damages like including recovery for medical expenses and loss of income and earning capacity.[22] These categories of damages were also asserted in the *Harden* petition. As in the ruling remanding the *Harden* action, the court finds that although the instant petition alleges broader damages allegations than the petitions "in *Perritt* and *Hollins*, they are still the same types of categorical damages the district court found 'vaguely stated' in its prior ruling" remanding *Perritt* and *Hollins*. *See Perritt*, 2014 WL 868068, at *5.

---

[22] Petition, ¶ 11.

Conversely, the petition also contains some more specific allegations defining the plaintiffs' alleged personal injuries and property damage. The plaintiff alleges that he "has sustained personal injuries to his head, ears, eyes, nose, mouth, airways, lungs, and/or skin, requiring treatment by physicians."[23] The plaintiff also appears to limit his allegation of property damage to the exposure of "ash, smoke, and chemical particles" to his vehicle.[24] In this regard, the plaintiff's allegations are similar to those found in the *Martin* petition. In *Martin*, the seven individual plaintiffs alleged the following individualized physical injuries: "nasal and lung injuries"; "eye, nose, and chest problems as well as short term memory loss"; "sinus problems and coughing"; "physical discomfort and throat problems" (two plaintiffs); "sinus and throat problems"; and "skin irritation, tingling of [the] hands and face, nasal passage irritation, stomach aches and diarrhea."[25] The plaintiffs in *Martin* also alleged damage to the paint on their cars.[26] As in *Martin*, the court finds the plaintiff's more specific allegations of injuries in this action merely support a finding that he "suffered only temporary and acute discomfort resulting from exposure to fumes and smoke from the explosion."[27]

Finally, as pointed out by the defendants, the petition does not include a statement that the amount in controversy required for federal jurisdictional has not been satisfied. Failure to include such a statement in a petition filed in Louisiana state court may support a finding that the jurisdictional amount is satisfied, although it is not a dispositive factor. *See*, *e.g.*, *Clayton v. American Sec. Ins. Co.,* 466 F. Supp. 2d 720, 723 (M.D. La. Dec. 6, 2006). In light of the findings above, the court places little weight on this factor. Furthermore, the plaintiff did not specifically request a jury trial in Louisiana state court, which can conversely support a finding

---

[23] Petition, ¶ 3.
[24] Petition, ¶ 3.
[25] *Martin v. Westlake Vinyls Co., LP*, No. 13-cv-253, R. Doc. 9 at 3.
[26] *Martin*, No. 13-cv-253, R. Doc. 9 at 4.
[27] *Martin*, No. 13-cv-253, R. Doc. 9 at 4.

7

that the amount in controversy is not satisfied. *See Perritt*, 2014 WL 868068, at *5 (citing La C. Civ. P. art. 1732); *Lewis v. Dolgencop, Inc.,* No. 08-160, 2008 WL 4909673, at *4 (M.D. La. Nov. 13, 2008) (same).

## III. CONCLUSION

For the foregoing reasons, the defendants have failed to meet their burden of proof to establish the amount in controversy. Accordingly, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the district court should **REMAND** the action to the 23rd Judicial District Court, Ascension Parish, Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 21, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**